SUZANNE K. BABB (SBN 229750)
BEYERS COSTIN SIMON
A Professional Corporation
200 Fourth Street, Suite 400; PO Box 878
Santa Rosa, California 95402-0878
Tel 707.547.2000  Fax 707.526.2746
sbabb@beyerscostin.com

Attorneys for Defendant
Sequoia Grove Vineyards

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>                      Plaintiff,<br><br>   vs.<br><br>SEQUOIA GROVE VINEYARDS, a California limited partnership,<br><br>                      Defendant. | CASE NO.  4:21-cv-09690-KAW<br><br>**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Defendant Sequoia Grove Vineyards, a California limited partnership ("Defendant") responds to Plaintiff Andres Gomez's ("Plaintiff") Complaint as follows:

**PARTIES**

1. Answering paragraph 1 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in such paragraph.

2. As to paragraph 2, Defendant admits that it operated Sequoia Grove Winery located in Napa County, California, in March 2021 and August 2021.

3. As to paragraph 3, Defendant admits that it currently operates Sequoia Grove Winery in Napa County, California.

4. As to paragraph 4, Defendant admits that it operated the website described herein in March 2021 and August 2021.

-1-
**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

5. As to paragraph 5, Defendant admits that it currently operates the website described herein.

6. As to paragraph 6, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in such paragraph.

## JURISDICTION AND VENUE

7. As to paragraph 7, Defendant admits the subject matter jurisdiction is proper in this Court.

8. As to paragraph 8, Defendant admits that subject matter jurisdiction over supplemental State Court claims is proper in this Court.

9. As to paragraph 9, Defendant admits that venue is proper in this Court.

## FACTUAL ALLEGATIONS

10. As to paragraph 10, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in such paragraph.

11. As to paragraph 11, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in such paragraph.

12. As to paragraph 12, Defendant admits the allegations in such paragraph.

13. As to paragraph 13, Defendant admits the allegations in such paragraph.

14. As to paragraph 14, Defendant is unclear of the meaning of these allegations, and therefore, denies each and every allegation contained in such paragraph.

15. As to paragraph 15, Defendant is unclear of the meaning of the phrase "without any ambiguity as to the amenities that would be available to the patron" and, therefore denies. Defendant admits that its website contains information about Defendants' winery and wines.

16. As to paragraph 16, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies

each and every allegation contained in such paragraph.

17. As to paragraph 17, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in such paragraph.

18. As to paragraph 18, Defendant denies each and every allegation contained in such paragraph. Defendant's website is compliant with the prevailing WCAG standards for website accessibility. Defendant is informed and believes that Plaintiff did not attempt to navigate the subject website, but rather, generated an automated report that falsely identified issues with accessibility. The subject website incorporates options for the user navigating with an assistive device to modify their experience based on their individual needs; such nuanced accessibility protections may not be identified in an automated scanning program, but instead appear as barriers.

19. As to paragraph 19, Defendant denies each and every allegation contained in such paragraph. The subject website does not include the "inaccessible elements" alleged in the Complaint.

20. As to paragraph 20, Defendant denies each and every allegation contained in such paragraph. Defendant's website was designed and coded to conform to current WCAG standards which Plaintiff admits is the legally-complaint means for operating an accessible business website.

21. As to paragraph 21, Defendant denies each and every allegation contained in such paragraph. Defendant is informed and believes that Plaintiff has not attempted to access the website as alleged, as he would not have confronted the issues alleged.

22. As to paragraph 22, Defendant denies each and every allegation contained in such paragraph. Defendant is informed and believes that Plaintiff has not attempted to access the website as alleged, as he would not have confronted the issues alleged.

23. As to paragraph 23, Defendant denies each and every allegation contained in such paragraph. Defendant's website was designed and coded to conform to current WCAG standards which Plaintiff admits is the legally-complaint means for operating an accessible business website.

24. As to paragraph 24, Defendant denies each and every allegation contained in such

ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

paragraph. Defendant is informed and believes that Plaintiff has not attempted to access the website as alleged, as he would not have confronted the issues alleged.

25. As to paragraph 25, Defendant denies each and every allegation contained in such paragraph. Plaintiff was not denied access to Defendant's website.

26. As to paragraph 26, Defendant denies each and every allegation contained in such paragraph. The website is constructed to be equally accessible, and Defendant does not sell houses so that never would have been an option on its website.

27. As to paragraph 27, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in such paragraph.

28. As to paragraph 28, Defendant denies each and every allegation contained in such paragraph. The alleged barriers to access do not exist on Defendant's website.

29. As to paragraph 29, Defendant denies each and every allegation contained in such paragraph. Defendant's website does not contain the barriers alleged.

30. As to paragraph 30, Defendants admits the allegations in such paragraph.

31. This paragraph contains Plaintiff's assertion of law, which is for the Court to determine, and not for Defendant to admit or deny.

32. As to paragraph 32, Defendant denies each and every allegation contained in such paragraph. The website was intentionally-designed to allow full access to all individuals and prospective customers.

33. As to paragraph 33, Defendant denies each and every allegation contained in such paragraph. Defendant's website is legally-compliant.

34. As to paragraph 34, Defendant denies each and every allegation contained in such paragraph. The website has been built and coded to incorporate prevailing WCAG standards and is accessible for users employing assistive reading devices.

35. As to paragraph 35, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

and every allegation contained in such paragraph.

## FIRST CAUSE OF ACTION
### Violation of the Americans with Disabilities Act of 1990
**(On behalf of Plaintiff and against all Defendants)**

36. As to paragraph 36, since this paragraph does not contain any allegations, no response is necessary.

37. As to paragraph 37, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in such paragraph.

38. As to paragraph 38, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in such paragraph.

39. As to paragraph 39, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in such paragraph.

40. As to paragraph 40, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in such paragraph.

41. As to paragraph 41, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in such paragraph.

42. As to paragraph 42, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in such paragraph.

## SECOND CAUSE OF ACTION
### Violation of the Unruh Civil Rights Act
**(On behalf of Plaintiff and against all Defendants)**

43. As to paragraph 43, since this paragraph does not contain any allegations, no response is necessary.

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

44. As to paragraph 44, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in such paragraph.

45. As to paragraph 45, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in such paragraph.

46. As to paragraph 46, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in such paragraph.

47. As to paragraph 47, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in such paragraph.

**PRAYER**

In response to Plaintiff's prayer for relief, Defendant denies the allegations contained herein. Defendant further denies that Plaintiff is entitled to declaratory relief, injunctive relief, monetary damages, or to any relief at all.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, this answering Defendant alleges that the Complaint as a whole and each cause of action therein fails to state a claim upon which relief can be granted.

SECOND AFFIAAIATIVE DEFENSE

Plaintiff lacks standing and/or capacity to assert some or all of the claims alleged in the Complaint.

THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because Defendant has at all times relied in

good faith upon, and acted in conformity with, the implementing standards and guidelines of Title II of the Americans with Disabilities Act and applicable state law and regulations, pronouncements from federal and state agencies, and state and local approvals. Accordingly, granting some or all of the relief sought by Plaintiff would violate due process under state and/or federal constitutions and public policy.

### FOURTH AFFIRMATIVE DEFENSE

The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported claim for relief therein is barred.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because the relief Plaintiff's requests would, if granted, fundamentally alter the nature of the goods or services provided by Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because the relief Plaintiff requests would be an undue burden on Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because they are predicated on unconstitutionally vague and/or overbroad interpretations of regulations or laws; alternatively, the applicable regulations or laws themselves are unconstitutionally vague and/or overbroad.

### EIGHTH AFFIRMATIVE DEFENSE

There is no causal connection between any purported acts or omissions of Defendant and the damages alleged by Plaintiff. In the alternative, Plaintiff's alleged damages, if any, were proximately caused by the conduct of persons or entities other than Defendant and Plaintiff's recovery, if any, must be reduced in proportion to the amount of fault attributable to such conduct.

### NINTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that any damages allegedly sustained by Plaintiff was caused by the actions and/or omissions of someone other than Defendant over whom Defendant had no control.

-7-
**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

### TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of waiver, equitable estoppel, and/or laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and damages, if any, are barred because Plaintiff failed to mitigate damages.

### TWELTFH AFFIRMATIVE DEFENSE

The Complaint fails to allege facts sufficient to state a claim for injunctive relief.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of justification or excuse.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege facts sufficient to entitle Plaintiff to recover attorney's fees or punitive damages against Defendant. Defendant's actions, with respect to the subject matter of this lawsuit, were undertaken in good faith, with the absence of malicious intent, and constituted a privilege, lawful, proper, and justified means to further the sole purpose of Defendant to engage and continue its business.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent, if any, Plaintiff is entitled to any damages, the damages may not exceed the nature of damages, or amount of damages, imposed by statutory or common law limitations and caps contained in applicable federal and state law.

### SIXTEENTH AFFIRMATIVE DEFENSE

If relief is granted, it should be granted prospectively only.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims in the Complaint are moot because Defendant is and/or has been in compliance with the laws, statutes, and regulations identified in Plaintiff's Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statutes of limitations.

### NINETEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because said claims are preempted by federal and/or state law, including, but not limited to, the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. Also, some or all of Plaintiff's claims are preempted by prior litigation and/or consent orders with governmental entities.

### TWENTIETH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because the relief Plaintiff requests: (a) is not required by law, (b) is unreasonable, (c) is not readily achievable, (d) is structurally infeasible, (e) would impose an undue burden and cause a hardship, and/or (f) may jeopardize the health and safety of customers.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant is relieved of any disability whatsoever as to Plaintiff's claims for damages to the extent that Plaintiff seeks redress for physical and/or emotional injuries arising from preexisting physical or mental conditions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant is relieved of any disability whatsoever as to Plaintiff's claims for damages set forth in the Complaint to the extent said claims arise solely from acts or omissions for which this answering Defendant is not responsible.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every claim for relief therein, fails to allege facts sufficient to obtain an award of treble damages against Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

On information and belief, any changes Plaintiff advocates are practically difficult, pose an unnecessary hardship and/or extreme so that such changes are not required and/or are subject to exception.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

On information and belief, reasonably equivalent alternatives are provided and/or

Defendant's property is accessible to the maximum extent feasible.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

On information and belief, to the extent that Plaintiff was not a bona fide consumer for services provided at Defendant's alleged place of public accommodation, Plaintiff lacks standing to pursue each and every claim for relief alleged in the Complaint. Defendant deserves the right to add additional affirmative defenses as they become known during the course of this litigation.

**WHEREFORE**, Defendant prays that:

1. Plaintiff takes nothing by his Complaint and that said Complaint, and each cause of action therein, be dismissed as to Defendant;

2. For Defendants' cost of suit herein;

3. For reasonable attorneys' fees; and

4. For such other relief the court deems proper.

### COUNTERCLAIMS

### JURISDICTION AND VENUE

1. This action arises out of allegations of ADA. Jurisdiction is proper under U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"). This court is the proper venue for this action pursuant to 28 U.S.C. §1391(b) in that counterdefendant has alleged claims in this district and therefore is subject to the Court's jurisdiction.

### PARTIES

2. Counterclaimaint is the Defendant Sequoia Grove Vineyard ("SGV").

3. Counterdefendant is the Plaintiff Andres Gomez ("Gomez").

### FACTUAL ALLEGATIONS

4. Gomez has brought approximately 300 lawsuits against a variety of companies alleging noncompliance under the ADA.

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

5. Gomez alleges that he utilizes assistive technology to read websites, and that use of WCAG 2.0AA standards is a viable remedy for issues on websites that present accessibility problems for users employing assistive reading devices.

6. SGV's website is coded to the most current WCAG standards.

7. SGV obtained a report from Gomez summarizing the issues he alleges he encountered when accessing SGV's website. SGV's accessibility consultants who monitor and maintain SGV's website with respect to the relevant WCAG standards, performed an analysis of the identified issues. The consultant determined that whatever scanning software was utilized in connection with the report Gomez generated, it failed to identify the acceptable options available to the reader to modify their experience on the website. Not all visual impairments are the same, and SGV's website has on-site opportunities for the individual using an assistive device to customize the reading options to suit that individual's needs and preferences.

8. All areas defined in the report provided by Plaintiff were checked, and found compliant with the prevailing WCAG standards. SGV has informed Plaintiff of this, and provided their consultant's analysis. Plaintiff persists with his Complaint.

## COUNT 1 – DECLARATORY RELIEF

9. SGV incorporates by reference as though fully set forth herein, each and every preceding paragraph in this Counterclaims.

10. A case and controversy has arisen between Gomez and SGV about whether the SGV website is ADA compliant.

11. SGV, like many retail owners, have coded their websites to satisfy the WCAG standards.

12. Gomez, who is unwilling, unable, or incapable of alleging a cognizable standard by which nonconformance of website can be judged.

13. SGV cannot be held accountable to a subjective standard of one litigant, which also ignores substantiated compliance with the relevant legal standards.

14. SGV's website is coded to conform to the latest standards.

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

15. SGV respectfully requests that this Court enter an order that the SGV website is conforming under the ADA and will be conforming under the ADA in the future provided that it meets the relevant and prevailing WCAG standards.

## PRAYER FOR RELIEF

a. That Gomez be denied all of his requested relief and a judgment in favor of SGV;

b. An entry of an order of costs incurred;

c. Attorney fees to be awarded to SGV as permitted by statute;

d. Denial of any injunctive relief requested by Gomez;

e. An order that a website is in conformance to the ADA standard when it is compliant with the relevant and prevailing WCAG standards.

Dated: April 6, 2022                                BEYERS COSTIN SIMON

                                                                 */s/ Suzanne K. Babb*
                                                    By: _____
                                                                 SUZANNE K. BABB
                                                                 Attorneys for Sequoia Grove Vineyards

# PROOF OF SERVICE

I am a citizen of the United States. I am over the age of 18 years and not a party to the within cause. I am employed in the County of Sonoma, State of California. My business address is 200 Fourth Street, Ste. 400, Santa Rosa, CA 95401.

On April 6, 2022, I served the following documents(s) described as:

- **ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

on the involved parties in said cause, in the manner indicated as follows:

CENTER FOR DISABILITY ACCESS          *Counsel for Plaintiff*
Amanda Seabock
Chris Seabock
amandas@potterhandy.com
chriss@potterhandy.com

☒ **BY ELECTRONIC SERVICE:** I caused a true and correct copy of the above-referenced document(s) to be transmitted by e-mail to the above-referenced e-mail addresses.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 6, 2022, at Santa Rosa, California

*/s/ Sarah Hernandez*
_____
SARAH HERNANDEZ

-13-

**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**